LUCERO, J.,
concurring.
I join the majority opinion, save the discussion of Fed.R.Evid. 704(b) on pages 1269-70, and I join as well Part 1 of Judge Henry’s concurrence relating to the applicable Oklahoma evidentiary rule. I write separately to note my disagreement with reliance on the Federal Rules of Evidence in evaluating the sufficiency of the evidence in a state court case. Maj. Op. at 1269.
It is not ours to speculate about how the evidence might have been' interpreted if the trial had occurred in federal court. Id. at 1270 (“[Wjhen assessing the reasonableness of the verdict, it is worth noting that the evidence on which Mr. Diestel most relies would not even have been admissible in a federal trial.”). Although AEDPA requires us to determine if the state court decision involves an unreasonable application of federal law, this duty is not an invitation to apply federal procedural rules to state court proceedings. Federal Rules of Evidence are irrelevant to this case. Future litigants should not be able to cite to the federal rules when arguing the sufficiency of the evidence in state court proceedings.
As Judge Henry notes, the applicable Oklahoma evidentiary rule allows experts to testify to ultimate issues, whereas Rule 704(b) does not. Because Rule 704(b) is both inapplicable and in direct conflict with the state rule, its citation is particularly inappropriate.